## NELS O. CASSEM

### v.

## NELS OLSON.

*Trespass—Stock—Growing Crops— Change of Venue—Appeal and Error.*

1.   A petition for a change of venue on the ground of undue influence of plaintiff and his attorney and prejudice against defendant and his attorney, held to have been sufficiently replied to by the affidavits for the defense, the specific facts which it was claimed were not denied, in no way establishing the charge of the petition.

2.   The error, if it was such, of the court in admitting evidence of trespasses outside the dates alleged in the declaration, was cured by an instruction to the jury excluding such evidence from their consideration.

### [Opinion filed May 20, 1892.]

IN ERROR to the Circuit Court of Kendall County; the Hon. C. W. UPTON, Judge, presiding.

Messrs. JOHN FITZGERALD, CHARLES I. McNETT and RANDALL CASSEM, for plaintiff in error.

Messrs. N. P. BARNARD, JR., and McDOUGALL & CHAPMAN, for defendant in error.

MR. JUSTICE CARTWRIGHT.   Defendant in error sued plaintiff in error in an action of trespass for damages done by the stock of the latter upon the premises of the former to the growing crops thereon, and· obtained a judgment for $190 upon a verdict for that amount.   Plaintiff in error urges a reversal of the judgment on account of alleged errors of the court in denying to him a change of venue upon his petition therefor, in admitting and excluding evidence upon the trial, and in refusing to give the jury certain instructions asked by him.

Cassem v. Olson.

The grounds of the application for change of venue alleged in the petition were the supposed undue influence of Olson and one of his attorneys, and prejudice against Cassem and his attorney. The undue influence was charged to have arisen from the facts that Olson was an extensive farmer and a republican in politics; that one of his attorneys was and had long been a justice of the peace and supervisor and was also a republican; that the repub. lican party was dominant in the county, and that the above mentioned attorney had intensely and diligently espoused the cause of his client, and taken an active part in his behalf.

The prejudice against Cassem and his attorney was charged to be due to the facts that Olson and his attorney, when talking about the suit, gave partisan accounts of the same; that Cassem had loaned money and taken mortgages and foreclosed the same, and that false reports had been spread about his attorney.

The petition was sustained by the affidavits of two citi- zens as required. The undue influence and prejudice al- leged in the petition were denied by the affidavits of several persons, and Olson and the attorney referred to filed their affidavit, in which they denied attempting to in- fluence the mind of any inhabitant or giving accounts of the suit as charged. It is urged that inasmuch as the affi- davits in opposition to the petition did not deny the specific facts set out in careful detail in the petition, such as the political faith of Olson and his attorney, the holding of the offices of justice of the peace and supervisor by the at- torney, and the taking and foreclosing of mortgages by Cassem, therefore the petition was not met by them, and a change of venue should have been awarded on these undis- puted facts. These allegations, not being denied, may be taken as true; but the conclusion of undue influence or prejudice does not necessarily follow from the admission. Whether a litigant is a person of considerable influence or whether a prejudice exists against him is a fact, and in this case, the alleged facts of influence and prejudice, together

with such averments as fairly tended to establish such facts, were denied, and the action of the court in refusing the change of venue was clearly right.

The evidence which it is claimed was improperly admitted by the court tended to prove trespasses outside of the dates alleged in the declaration. The court subsequently excluded all such evidence from the jury, and by an instruction directed them not to consider any damages except such as were sustained within the dates so alleged. If there was any error in the admission of the evidence it was cured by its exclusion and the instruction. The evidence offered by the plaintiff in error and rejected related to some agreement by him with a third person to keep up his fence, and to other immaterial matters, and was properly excluded. It would be no protection to plaintiff in error that he had made a bargain with some person, in no way connected with defendant in error, to keep the fence in good repair to restrain the cattle.

No instructions were asked or given on the part of defendant in error. Two were given on behalf of plaintiff in error, and they embraced everything essential to be given to the jury. A considerable number of instructions were asked by plaintiff in error and were refused. They were all properly refused as erroneous, unnecessary or inapplicable to the case. The evidence fully sustained the verdict, and the verdict and judgment meet with our approval.

The judgment will be affirmed.

*Judgment affirmed.*